the decedent did not obtain good title, unless he purchased it for value without notice.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.

(82 Misc. Rep. 433.)

#### PROVIDENCE WASHINGTON INS. CO. OF PROVIDENCE, R. I., v. YOUMANS.

(Supreme Court, Appellate Term, First Department.   November 13, 1913.)

1. INSURANCE (§ 606*)—SUBROGATION.

    Under a tourist fire insurance policy providing that, if the insured acquired a right of action for damage to the property covered, he should assign or transfer it to the insurer upon payment of loss, the insurer, who did not show that payment to insured by a hotel was for loss by fire, was not entitled to subrogation.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

2. NEW TRIAL (§ 76*)—JUDGMENT—EXCESSIVE DAMAGES—SUBROGATION.

    Where insured, defending an action by the insurer for subrogation to an amount received by him from a hotel for loss by fire, offered to pay over $150, the difference between the total amount received and the amount of his total claim, and also offered evidence to show a loss larger than the total claim, he was entitled to a new trial upon judgment for $280, unless the excess over $150 was remitted.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153–156; Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Providence Washington Insurance Company of Providence, Rhode Island, against Ephriam M. Youmans.   From a judgment for plaintiff after trial by the court without a jury, defendant appeals.   Reversed, and new trial granted, unless plaintiff agreed to reduce the amount of the judgment to $150.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Chester H. Lane, of New York City, for appellant.

James J. Macklin, of New York City (Henry M. Dater, of New York City, of counsel), for respondent.

BIJUR, J.   [1] The defendant received from the plaintiff a tourist fire insurance policy for $1,000, covering loss to defendant's personal effects while traveling.   These effects were damaged by the fire in the Carleton Hotel in London in August, 1911.   Defendant, who was just then leaving for the Continent, hastily prepared a statement of his loss, in reasonable detail, aggregating $430, of which he sent substantial duplicates to the Carleton Hotel and to plaintiff.   Upon his return to this country, an adjuster of plaintiff agreed upon and made to him a payment of $280, explaining to him at the time (apart from other adjustments) that since plaintiff's policy did not cover loss by pilfering,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that evidently a part of his loss had been so caused, plaintiff could not recognize the entire claim. Subsequently, defendant received, without explanation, from the Carleton Hotel, its check for $300. The policy contains a clause:

" * * * If the assured acquires the right of action against any * * * corporation for damage to above described property, he shall assign or transfer such claims" to the plaintiff upon receiving payment for said loss, etc.

It is not contended but that this right of subrogation inures to plaintiff only to the extent that the claim upon the hotel is for the same character of loss as that covered by the policy. As plaintiff presented no proof that the payment of the Carleton Hotel was for loss by fire, i. e., the character of loss covered by the policy, it was not entitled to subrogation, and therefore not entitled to recover damages against the defendant by reason of the receipt of the Carleton Hotel check.

[2] There was evidence that defendant had offered to pay plaintiff $150; that being the difference between the total amount which he had received and the face amount of his total claim. This offer might perhaps have been construed as an admission on his part that one-half of the check of the Carleton Hotel was for fire loss. Had the judgment been for $150 instead of $280, it might have been sustained on that theory. But some evidence has been introduced by the defendant to the effect that since his return he had ascertained that his loss was larger than the amount originally stated, $430. In view of this, I think he is entitled to a new trial unless the plaintiff will agree to reduce the amount of this judgment to $150, with appropriate costs in the court below and without costs of this appeal.

Unless a stipulation to that effect is filed, the judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.